**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **Q TECHNOLOGIES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No.  21-779** |
| **v.** | § | |
| | § | |
| **WALMART INC.,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Q Technologies, Inc. ("Q Technologies") files this Complaint for Patent Infringement against Defendant Walmart Inc. ("Walmart" or "Defendant") and states as follows:

## THE PARTIES

1.      Plaintiff Q Technologies is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1054 Devine Circle, Brookhaven, GA, 30319.

2.      On information and belief, Defendant Walmart is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 702 SW 8th Street, Bentonville, Arkansas. Walmart can be served by serving its registered agent CT Corporation System at 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as it arises under the patent laws of the United States.

5.     This Court has personal jurisdiction over Defendant because Defendant maintains a place of business within this judicial district, has a continuous, systematic, and substantial presence within this judicial district, and has committed acts of patent infringement in this judicial district, including but not limited to making and using systems, and performing methods, that infringe the asserted patents, which acts form a substantial part of the events giving rise to this action.

6.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and has regular and established places of business in this district, including but not limited to Walmart Supercenter #939, 4320 Franklin Ave, Waco, Texas; Walmart Supercenter #5389, 600 Hewitt Dr., Waco, Texas; Walmart Supercenter #7156, 733 Sun Valley Blvd, Hewitt, Texas; Walmart Supercenter #1254, 1521 Interstate 35 N, Bellmead, Texas; Walmart Supercenter #1253, 710 E. Ben White Blvd., Austin, Texas; Walmart Supercenter #2133, 5017 W. Highway 290, Austin, Texas; Walmart Supercenter #1185, 1030 Norwood Park Blvd., Austin, Texas; and Walmart Supercenter #4554, 2525 W. Anderson Ln., Austin, Texas.

## BACKGROUND

7.     Q Technologies develops innovative cloud-computing based solutions across various industries.

8.     On April 25, 2017, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,635,108 ("the '108 patent"), entitled "Systems and Methods for Content Sharing Using Uniquely Generated Identifiers." Q Technologies is the owner by assignment of all right, title, and interest in the '108 patent.  A true and correct copy of the '108 patent is attached hereto as Exhibit A.

8649171v1

9. On February 18, 2020, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 10,567,473 ("the '473 patent"), entitled "Systems and Methods for Content Sharing Using Uniquely Generated Identifiers." Q Technologies is the owner by assignment of all right, title, and interest in the '473 patent. A true and correct copy of the '473 patent is attached hereto as Exhibit B.

10. On March 17, 2020, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 10,594,774 ("the '774 patent"), entitled "Systems and Methods for Content Sharing Using Uniquely Generated Identifiers." Q Technologies is the owner by assignment of all right, title, and interest in the '774 patent. A true and correct copy of the '774 patent is attached hereto as Exhibit C.

11. The '108 patent, the '473 patent, and the '774 patent are referred to collectively herein as the "Asserted Patents."

12. Defendant makes and uses systems, and performs methods related thereto, that enable Walmart and its customers to share and obtain information related to the sale and purchase of goods at Walmart stores using Walmart's server, checkout register and Walmart Pay in the Walmart App. According to Defendant, "Every day, millions of customers use the Walmart app…". See https://www.walmart.com/cp/walmart-pay/3205993.

13. On its website,  https://www.walmart.com/cp/walmart-pay/3205993, Defendant provides a description of "How Walmart Pay works," stating "we keep our technology simple, & we use tested hardware that's already in place. Walmart doesn't use near-field communication (NFC). Instead, our customers use their smartphones to scan a secure QR code displayed on the same PIN pads at checkout that are being used now. A customer's scan sends a signal to Walmart's server that it is okay to use Walmart Pay for that particular purchase…"

8649171v1

14.     The use of "Walmart Pay" at Walmart's checkout register, also known as a "Point of Sale" device ("POS device"), in Defendant's store, the Walmart server and/or a smartphone that has the Walmart App downloaded to the smart phone is referred to as the "Accused System" herein.

15.     Walmart instructs and encourages its customers to use Walmart Pay, providing directions on how to use the Accused System.  For example, Defendant  instructs and encourages customers to "Download the latest Walmart app from the App Store or Google Play."  Walmart instructs and encourages customers to "Use your phone to pay quickly, easily & touch-free at checkout.  Leave your wallet behind- the Walmart app is all you need to pay touch-free with Walmart Pay.  When you are done shopping, go to any checkout lane, scan your items, then hold your phone over the QR code on the register to pay."

16.     Defendant specifically instructs customers to "First, scan your items as usual at any Walmart store checkout lane.  Second, open the Walmart app and tap Walmart Pay.  Third, scan the QR code that appears on the register.  You should hear a chime and see a confirmation.  We'll send a notification to your device when your e-receipt is ready.  There are no paper receipts with Walmart Pay."

17.     Walmart Pay enables a customer to transact business with Walmart by allowing the customer to pay for goods available for sale in Defendant's store using the customer's smart phone with the Walmart App downloaded to the phone.

18.     In use, the Accused System displays a QR code at a POS device in a store of the Defendant.  The displayed QR code encodes an alphanumeric string of letters and/or numbers.  On information and belief, a QR code displayed at a POS terminal in one of Defendant's store is different than the other QR codes displayed at other POS terminals in Defendant's stores.  On

8649171v1

information and belief, the alphanumeric string decoded from a QR code displayed on a POS in Defendant's store is different from all other alphanumeric strings encoded in QR codes being displayed at POS devices in Defendant's stores.

19.     On information and belief, in the use of the Accused System, information related to goods to be purchased by a consumer scanned at a POS device, such as price of each item, is communicated to a Walmart server.  On information and belief, additional data, such as store location and other store identifying data, is communicated to the Walmart server.  On information and belief, the QR code displayed at the POS device is associated with the aforementioned information and is communicated to Walmart's server, where such information and the decoded QR code is stored in a database.

20.     In use of the Accused System, a customer's smartphone is enabled to scan the QR code displayed by the Walmart POS device.  On information and belief, a decoded QR scan is communicated from the customer's smartphone to Walmart's server.

21.     On information and belief, Walmart's server receives the decoded QR code received from a customer's smartphone for information associated with the decoded QR code received from the POS device.  Walmart thereafter communicates information related to the transaction, such as items purchased, price of each item, total bill, and/or store identifying information to the customer's smart phone.

22.     Q Technologies will rely on a reasonable opportunity for discovery of information regarding reasonably similar systems that Walmart makes, uses, sells, offers for sale and/or imports in the U.S. subsequent to the filing of the Complaint.

8649171v1

## FIRST CLAIM FOR RELIEF
(INFRINGEMENT OF U.S. PATENT NO. 9,635,108)

23.    Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1–22 of this Complaint as if set forth fully herein.

24.    This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

25.    Q Technologies is the owner by assignment of the '108 patent with sole rights to enforce the '108 patent and sue infringers.

26.    The '108 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27.    Defendant through its agents, employees and/or servants, either alone or in conjunction with others, has infringed and continues to infringe literally and/or under the doctrine of equivalents one or more claims, including at least claims 1, 2, 4, 7, 10, 11, 13 and/or 16 of the '108 patent by making and using the Accused System that use the methods and systems claimed in the '108 patent.

28.    On information and belief, Defendant, either alone or in conjunction with others, infringes, directly and/or indirectly, claims 1, 2, 4, 7, 10, 11, 13 and/or 16 of the '108 patent by making and using and/or causing others to make and/or use in this judicial district and/or elsewhere in the United States, the Accused System that alone or in use is covered by such claims of the '108 patent.

8649171v1

29.     On information and belief, Defendant's customers make and use Defendant's Accused System and are instructed and/or encouraged by Defendant to use such Accused System that infringes one or more claims of the '108 patent.

30.     On information and belief, Defendant provides and will continue to provide encouragement and/or instructions, such as its website literature and instructions on the Walmart app, including instructions set forth in this Complaint, that encourage and/or instruct its customers to use, and use in the future,  the Accused System in an infringing manner, specifically intending such customers will operate the Accused System in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '108 patent.

31.     On information and belief, Defendant indirectly infringes one or more claims of the '108 patent in violation of 35 U.S.C. 271(b) by inducing its customers to make and/or use the Accused System to directly infringe one or more claims of the '108 patent in accordance with Defendant's encouragement and/or instructions.

32.     For example, on information and belief, Defendant induces direct infringement of the '108 patent by encouraging and instructing customers for the Accused System via Defendant's website literature and instructions on its Walmart app, including instructions set forth in this Complaint, that encourage and/or instruct customers to use the Accused System such that, by following Defendant's encouragement and/or instructions, Defendant's customers directly infringe one or more claims of the '108 patent.  Defendant engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages and/or instructs customers of its Accused Systems to directly infringe the '108 patent.

8649171v1

33.     Defendant has infringed the '108 patent without permission or license from Q Technologies and continues to infringe the '108 patent in violation of 35 U.S.C. § 271.  Defendant is liable for infringement of the '108 patent pursuant to 35 U.S.C. § 271.

34.     Defendant's acts of infringement have caused damage to Q Technologies, and Q Technologies is entitled to recover from Defendant the damages sustained by Q Technologies as a result of Defendant's wrongful acts in an amount subject to proof at trial.

35.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

36.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Q Technologies and will continue to do so unless Defendant's infringement is enjoined and restrained by this Court.

## SECOND CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. 10,567,473)

37.     Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1–36 of this Complaint as if set forth fully herein.

38.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

39.     Q Technologies is the owner by assignment of the '473 patent with sole rights to enforce the '473 patent and sue infringers.

40.     The '473 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the U.S. Code.

41.     Defendant through its agents, employees and/or servants, either alone or in conjunction with others, has infringed and continues to infringe literally and/or under the doctrine of equivalents one or more claims, including at least claims 14-16, 19, 20, and/or 22-25 of the '473

patent by making and using the Accused System that use the methods and systems claimed in the '473 patent.

42.     On information and belief, Defendant, either alone or in conjunction with others, infringes, directly and/or indirectly, claims 14-16, 19, 20, and/or 22-25 of the '473 patent by making and using and/or causing others to make and/or use in this judicial district and/or elsewhere in the United States, the Accused System that alone or in use is covered by such claims of the '473 patent.

43.     On information and belief, Defendant's customers make and use Defendant's Accused System and are instructed and/or encouraged by Defendant to use such Accused System that infringes one or more claims of the '473 patent.

44.     On information and belief, Defendant provides and will continue to provide encouragement and/or instructions, such as its website literature and instructions on the Walmart app, including instructions set forth in this Complaint, that encourage and/or instruct its customers to use, and use in the future, the Accused System in an infringing manner, specifically intending such customers will operate the Accused System in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '473 patent.

45.     On information and belief, Defendant indirectly infringes one or more claims of the '473 patent in violation of 35 U.S.C. 271(b) by inducing its customers to make and/or use the Accused System to directly infringe one or more claims of the '473 patent in accordance with Defendant's encouragement and/or instructions.

46.     For example, on information and belief, Defendant induces direct infringement of the '473 patent by encouraging and instructing customers for the Accused System via Defendant's website literature and instructions on its Walmart app, including instructions set forth in this

9

Complaint, that encourage and/or instruct customers to use the Accused System such that, by following Defendant's encouragement and/or instructions, Defendant's customers directly infringe one or more claims of the '473 patent. Defendant engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages and/or instructs customers of its Accused Systems to directly infringe the '473 patent.

47.   Defendant has infringed the '473 patent without permission or license from Q Technologies and continues to infringe the '473 patent in violation of 35 U.S.C. § 271. Defendant is liable for infringement of the '473 patent pursuant to 35 U.S.C. § 271.

48.   Defendant's acts of infringement have caused damage to Q Technologies, and Q Technologies is entitled to recover from Defendant the damages sustained by Q Technologies as a result of Defendant's wrongful acts in an amount subject to proof at trial.

49.   Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

50.   Defendant's actions complained of herein are causing irreparable harm and monetary damage to Q Technologies and will continue to do so unless Defendant's infringement is enjoined and restrained by this Court.

### THIRD CLAIM FOR RELIEF
#### (INFRINGEMENT OF U.S. PATENT NO. 10,594,774)

51.   Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1–50 of this Complaint as if set forth fully herein.

52.   This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

8649171v1

53.    Q Technologies is the owner by assignment of the '774 patent with sole rights to enforce the '774 patent and sue infringers.

54.    The '774 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the U.S. Code.

55.    Defendant through its agents, employees and/or servants, either alone or in conjunction with others, has infringed and continues to infringe literally and/or under the doctrine of equivalents one or more claims, including at least claims 1-9 and/or 13-20 of the '774 patent by making and using the Accused System that use the methods and systems claimed in the '774 patent.

56.    On information and belief, Defendant, either alone or in conjunction with others, infringes, directly and/or indirectly, claims 1-9 and/or 13-20 of the '774 patent by making and using and/or causing others to make and/or use in this judicial district and/or elsewhere in the United States, the Accused System that alone or in use is covered by such claims of the '774 patent.

57.    On information and belief, Defendant's customers make and use Defendant's Accused System and are instructed and/or encouraged by Defendant to use such Accused System that infringes one or more claims of the '774 patent.

58.    On information and belief, Defendant provides and will continue to provide encouragement and/or instructions, such as its website literature and instructions on the Walmart app, including instructions set forth in this Complaint, that encourage and/or instruct its customers to use, and use in the future,  the Accused System in an infringing manner, specifically intending such customers will operate the Accused System in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '774 patent.

59.    On information and belief, Defendant indirectly infringes one or more claims of the '774 patent in violation of 35 U.S.C. 271(b) by inducing its customers to make and/or use the

11

Accused System to directly infringe one or more claims of the '774 patent in accordance with Defendant's encouragement and/or instructions.

60.     For example, on information and belief, Defendant induces direct infringement of the '774 patent by encouraging and instructing customers for the Accused System via Defendant's website literature and instructions on its Walmart app, including instructions set forth in this Complaint, that encourage and/or instruct customers to use the Accused System such that, by following Defendant's encouragement and/or instructions, Defendant's customers directly infringe one or more claims of the '774 patent.  Defendant engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages and/or instructs customers of its Accused Systems to directly infringe the '774 patent.

61.     Defendant has infringed the '774 patent without permission or license from Q Technologies and continues to infringe the '774 patent in violation of 35 U.S.C. § 271.  Defendant is liable for infringement of the '774 patent pursuant to 35 U.S.C. § 271.

62.     Defendant's acts of infringement have caused damage to Q Technologies, and Q Technologies is entitled to recover from Defendant the damages sustained by Q Technologies as a result of Defendant's wrongful acts in an amount subject to proof at trial.

63.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

64.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Q Technologies and will continue to do so unless Defendant's infringement is enjoined and restrained by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Q Technologies prays for judgment in its favor and against Defendant, including but not limited to, the following relief:

1.      An Order adjudging Defendant to have infringed each of the Asserted Patents under 35 U.S.C. § 271;

2.      A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant, from infringing each of the Asserted Patents in violation of 35 U.S.C. § 271;

3.      An Order requiring Defendant to account for all gains, profits, and advantages derived by Defendant's infringement of the each of the Asserted Patents in violation of 35 U.S.C. § 271, and requiring Defendant to pay to Q Technologies all damages suffered by Q Technologies and at least a reasonable royalty;

4.      An Order adjudging that this is an exceptional case;

5.      An award to Q Technologies of the attorneys' fees and costs incurred by Q Technologies in connection with this action pursuant to 35 U.S.C. § 285;

6.      An award of pre-judgment and post-judgment interest against Defendant; and

7.      Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Q Technologies demands a trial by jury of all issues raised by this Complaint that are triable by jury.

Respectfully submitted,

Dated:  July 29, 2021          By:    /s/Bruce C. Morris
                                      Bruce C. Morris
                                      Texas State Bar No. 14469850

8649171v1

bmorris@krcl.com
Demetri J. Economou
Texas State Bar No. 24078461
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Road, 10th Floor
Houston, TX 77056
Telephone: (713) 425-7450
Facsimile: (713) 425-7700


*John T. Polasek
Texas Bar. No. 16088590
ted@polaseklaw.com
The Polasek Law Firm, PLLC
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 485-3580

*Attorneys for Plaintiff Q Technologies Inc.*


* *Application for admission to the Western District of Texas pending.*

8649171v1