**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| Q TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 6:21-cv-00779-ADA |
| v. | § | |
| | § | |
| WALMART INC., | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

**DEFENDANT WALMART INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF Q TECHNOLOGIES, INC.'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Walmart Inc. ("Defendant" or "Walmart"), by and through its undersigned counsel, hereby submits its Answer, Affirmative Defenses, and Counterclaims ("Answer") to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Q Technologies, Inc. ("Plaintiff") dated July 29, 2021.

Walmart responds below to the allegations contained in the numbered paragraphs of Plaintiff's Complaint. Walmart denies all allegations in the Complaint unless expressly admitted in the following paragraphs. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

Walmart repeats the headings set forth in the Complaint to simplify comparison of the Complaint and this Answer. In doing so, Walmart makes no admissions regarding the substance of the headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Walmart specifically denies all such allegations.

## THE PARTIES

**Complaint No. 1:** Plaintiff Q Technologies is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1054 Devine Circle, Brookhaven, GA, 30319.

**Answer to Complaint No. 1:** Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1, and therefore denies them.

**Complaint No. 2:** On information and belief, Defendant Walmart is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 702 SW 8th Street, Bentonville, Arkansas. Walmart can be served by serving its registered agent CT Corporation System at 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

**Answer to Complaint No. 2:** Walmart admits the allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

**Complaint No. 3:** This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**Answer to Complaint No. 3:** The allegations of paragraph 3 state a legal contention to which no response is required. To the extent that a response is nonetheless deemed to be required, Walmart admits that Plaintiff purports to bring a patent infringement action under Title 35 of the United States Code. Walmart denies that it infringes or has infringed any claim of the Asserted Patents,[1] directly or indirectly, literally or under the Doctrine of Equivalents, in this District or in any other district. Except as so expressly admitted, Walmart denies the allegations in paragraph 3 of the Complaint.

---

[1] U.S. Patent Nos. 9,635,108 (the "'108 patent"); 10,567,473 (the "'473 patent"); and 10,594,774 (the "'774 patent") are collectively referred to as the Asserted Patents.

**Complaint No. 4:** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as it arises under the patent laws of the United States.

**Answer to Complaint No. 4:** The allegations of paragraph 4 state a legal contention to which no response is required. To the extent that a response is nonetheless deemed to be required, Walmart admits that 28 U.S.C. §§ 1331 and 1338(a) confer jurisdiction as to claims arising under the patent laws and claims arising under the laws of the United States upon this Court. Walmart denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents, in this District or in any other district. Except as so expressly admitted, Walmart denies the allegations in paragraph 4 of the Complaint.

**Complaint No. 5:** This Court has personal jurisdiction over Defendant because Defendant maintains a place of business within this judicial district, has a continuous, systematic, and substantial presence within this judicial district, and has committed acts of patent infringement in this judicial district, including but not limited to making and using systems, and performing methods, that infringe the asserted patents, which acts form a substantial part of the events giving rise to this action.

**Answer to Complaint No. 5:** For the purpose of this action, Walmart does not contest personal jurisdiction. Walmart specifically denies that it has committed, directly or indirectly, any act of infringement in this or any other District. Walmart denies the remaining allegations in paragraph 5.

**Complaint No. 6:** Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and has regular and established places of business in this district, including but not limited to Walmart Supercenter

#939, 4320 Franklin Ave, Waco, Texas; Walmart Supercenter #5389, 600 Hewitt Dr., Waco, Texas; Walmart Supercenter #7156, 733 Sun Valley Blvd, Hewitt, Texas; Walmart Supercenter #1254, 1521 Interstate 35 N, Bellmead, Texas; Walmart Supercenter #1253, 710 E. Ben White Blvd., Austin, Texas; Walmart Supercenter #2133, 5017 W. Highway 290, Austin, Texas; Walmart Supercenter #1185, 1030 Norwood Park Blvd., Austin, Texas; and Walmart Supercenter #4554, 2525 W. Anderson Ln., Austin, Texas.

**Answer to Complaint No. 6:** Walmart will not contest, for the purpose of this action only, whether venue is proper, but Walmart denies that venue in this District is convenient. Walmart reserves the right to seek transfer to a more appropriate or convenient forum. Walmart specifically denies that it commits or has committed any acts of infringement within this District or elsewhere. The remaining allegations in paragraph 6 constitute conclusions of law to which no response is required. To the extent an answer is required, Walmart denies the allegations except as so expressly admitted.

## BACKGROUND

**Complaint No. 7:** Q Technologies develops innovative cloud-computing based solutions across various industries.

**Answer to Complaint No. 7:** Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7, and therefore denies them.

**Complaint No. 8:** On April 25, 2017, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,635,108 ("the '108 patent"), entitled "Systems and Methods for Content Sharing Using Uniquely Generated Identifiers." Q Technologies is the owner by assignment of all right, title, and interest in the '108 patent. A true and correct copy of the '108 patent is attached hereto as Exhibit A.

**Answer to Complaint No. 8:** Walmart admits that a document purporting to be the '108 patent is attached to the Complaint as Exhibit A. Walmart admits that the first page of Exhibit A recites a title of "Systems and Methods for Content Sharing Using Uniquely Generated Identifiers." Walmart admits that the '108 patent purports to have an issue date of April 25, 2017. Walmart denies that the '108 patent is valid or enforceable based on its failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint, and therefore denies them.

**Complaint No. 9:** On February 18, 2020, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 10,567,473 ("the '473 patent"), entitled "Systems and Methods for Content Sharing Using Uniquely Generated Identifiers." Q Technologies is the owner by assignment of all right, title, and interest in the '473 patent. A true and correct copy of the '473 patent is attached hereto as Exhibit B.

**Answer to Complaint No. 9:** Walmart admits that a document purporting to be the '473 patent is attached to the Complaint as Exhibit B. Walmart admits that the first page of Exhibit B recites a title of "Systems and Methods for Content Sharing Using Uniquely Generated Identifiers." Walmart admits that the '473 patent purports to have an issue date of February 18, 2020. Walmart denies that the '473 patent is valid or enforceable based on its failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint, and therefore denies them.

**Complaint No. 10:** On March 17, 2020, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 10,594,774 ("the '774 patent"), entitled "Systems and

Methods for Content Sharing Using Uniquely Generated Identifiers." Q Technologies is the owner by assignment of all right, title, and interest in the '774 patent. A true and correct copy of the '774 patent is attached hereto as Exhibit C.

**Answer to Complaint No. 10:** Walmart admits that a document purporting to be the '774 patent is attached to the Complaint as Exhibit C. Walmart admits that the first page of Exhibit C recites a title of "Systems and Methods for Content Sharing Using Uniquely Generated Identifiers." Walmart admits that the '774 patent purports to have an issue date of March 17, 2020. Walmart denies that the '774 patent is valid or enforceable based on its failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the Complaint, and therefore denies them.

**Complaint No. 11:** The '108 patent, the '473 patent, and the '774 patent are referred to collectively herein as the "Asserted Patents."

**Answer to Complaint No. 11:** The allegations of paragraph 11 of the Complaint contain statements to which no response is required.

**Complaint No. 12:** Defendant makes and uses systems, and performs methods related thereto, that enable Walmart and its customers to share and obtain information related to the sale and purchase of goods at Walmart stores using Walmart's server, checkout register and Walmart Pay in the Walmart App. According to Defendant, "Every day, millions of customers use the Walmart app...." See https://www.walmart.com/cp/walmart-pay/3205993.

**Answer to Complaint No. 12:** Walmart denies that the allegations and characterizations in paragraph 12 constitute a complete and accurate description of Walmart's servers, checkout

registers, and Walmart Pay in the Walmart App. Walmart denies the remaining allegations in paragraph 12 of the Complaint.

**Complaint No. 13:** On its website, https://www.walmart.com/cp/walmart-pay/3205993, Defendant provides a description of "How Walmart Pay works," stating "we keep our technology simple, & we use tested hardware that's already in place. Walmart doesn't use near-field communication (NFC). Instead, our customers use their smartphones to scan a secure QR code displayed on the same PIN pads at checkout that are being used now. A customer's scan sends a signal to Walmart's server that it is okay to use Walmart Pay for that particular purchase..."

**Answer to Complaint No. 13:** Walmart admits that the quoted text appears on the cited webpage. Walmart denies that the allegations and characterizations in paragraph 13 constitute a complete and accurate description of Walmart Pay or the quoted text. Walmart denies the remaining allegations in paragraph 13 of the Complaint.

**Complaint No. 14:** The use of "Walmart Pay" at Walmart's checkout register, also known as a "Point of Sale" device ("POS device"), in Defendant's store, the Walmart server and/or a smartphone that has the Walmart App downloaded to the smart phone is referred to as the "Accused System" herein.

**Answer to Complaint No. 14:** The allegations of paragraph 14 of the Complaint contain statements to which no response is required. To the extent this paragraph is construed to contain factual allegations requiring a response, they are denied.

**Complaint No. 15:** Walmart instructs and encourages its customers to use Walmart Pay, providing directions on how to use the Accused System. For example, Defendant instructs and encourages customers to "Download the latest Walmart app from the App Store or Google Play."

Walmart instructs and encourages customers to "Use your phone to pay quickly, easily & touch-free at checkout. Leave your wallet behind- the Walmart app is all you need to pay touch-free with Walmart Pay. When you are done shopping, go to any checkout lane, scan your items, then hold your phone over the QR code on the register to pay."

**Answer to Complaint No. 15:** Walmart denies that the allegations and characterizations in paragraph 15 constitute a complete and accurate description of Walmart Pay or the quoted text. Walmart denies the remaining allegations in paragraph 15 of the Complaint.

**Complaint No. 16:** Defendant specifically instructs customers to "First, scan your items as usual at any Walmart store checkout lane. Second, open the Walmart app and tap Walmart Pay. Third, scan the QR code that appears on the register. You should hear a chime and see a confirmation. We'll send a notification to your device when your e-receipt is ready. There are no paper receipts with Walmart Pay."

**Answer to Complaint No. 16:** Walmart denies that the allegations and characterizations in paragraph 16 constitute a complete and accurate description of Walmart Pay or the quoted text. Walmart denies the remaining allegations in paragraph 16 of the Complaint.

**Complaint No. 17:** Walmart Pay enables a customer to transact business with Walmart by allowing the customer to pay for goods available for sale in Defendant's store using the customer's smart phone with the Walmart App downloaded to the phone.

**Answer to Complaint No. 17:** Walmart admits that Walmart Pay enables Walmart customers to pay for goods using the customer's smart phone. Except as expressly admitted, Walmart denies the remaining allegations in paragraph 17 of the Complaint.

**Complaint No. 18:** In use, the Accused System displays a QR code at a POS device in a store of the Defendant. The displayed QR code encodes an alphanumeric string of letters and/or

numbers. On information and belief, a QR code displayed at a POS terminal in one of Defendant's store is different than the other QR codes displayed at other POS terminals in Defendant's stores. On information and belief, the alphanumeric string decoded from a QR code displayed on a POS in Defendant's store is different from all other alphanumeric strings encoded in QR codes being displayed at POS devices in Defendant's stores.

**Answer to Complaint No. 18:** Walmart denies that the allegations and characterizations in paragraph 18 constitute a complete and accurate description of the Accused System. Walmart denies the remaining allegations in paragraph 18 of the Complaint.

**Complaint No. 19:** On information and belief, in the use of the Accused System, information related to goods to be purchased by a consumer scanned at a POS device, such as price of each item, is communicated to a Walmart server. On information and belief, additional data, such as store location and other store identifying data, is communicated to the Walmart server. On information and belief, the QR code displayed at the POS device is associated with the aforementioned information and is communicated to Walmart's server, where such information and the decoded QR code is stored in a database.

**Answer to Complaint No. 19:** Walmart denies that the allegations and characterizations in paragraph 19 constitute a complete and accurate description of the Accused System. Walmart denies the remaining allegations in paragraph 19 of the Complaint.

**Complaint No. 20:** In use of the Accused System, a customer's smartphone is enabled to scan the QR code displayed by the Walmart POS device. On information and belief, a decoded QR scan is communicated from the customer's smartphone to Walmart's server.

**Answer to Complaint No. 20:** Walmart denies that the allegations and characterizations in paragraph 20 constitute a complete and accurate description of the Accused System. Walmart denies the remaining allegations in paragraph 20 of the Complaint.

**Complaint No. 21:** On information and belief, Walmart's server receives the decoded QR code received from a customer's smartphone for information associated with the decoded QR code received from the POS device. Walmart thereafter communicates information related to the transaction, such as items purchased, price of each item, total bill, and/or store identifying information to the customer's smart phone.

**Answer to Complaint No. 21:** Walmart denies that the allegations and characterizations in paragraph 21 constitute a complete and accurate description of the Accused System. Walmart denies the remaining allegations in paragraph 21 of the Complaint.

**Complaint No. 22:** Q Technologies will rely on a reasonable opportunity for discovery of information regarding reasonably similar systems that Walmart makes, uses, sells, offers for sale and/or imports in the U.S. subsequent to the filing of the Complaint.

**Answer to Complaint No. 22:** The allegations of Paragraph 22 of the Complaint contain statements to which no response is required. To the extent this paragraph is construed to contain factual allegations requiring a response, they are denied.

## FIRST CLAIM FOR RELIEF

(INFRINGEMENT OF U.S. PATENT NO. 9,635,108)

**Complaint No. 23:** Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1–22 of this Complaint as if set forth fully herein.

**Answer to Complaint No. 23:** Walmart restates and incorporates the preceding paragraphs of this Answer herein by reference.

**Complaint No. 24:** This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

**Answer to Complaint No. 24:** Walmart admits that Plaintiff purports to bring a patent infringement action under Title 35 of the United States Code. Walmart denies that Plaintiff has any basis for the cause of action alleged against Walmart.

**Complaint No. 25:** Q Technologies is the owner by assignment of the ’108 patent with sole rights to enforce the ’108 patent and sue infringers.

**Answer to Complaint No. 25:** Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25, and therefore denies them.

**Complaint No. 26:** The ’108 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**Answer to Complaint No. 26:** Walmart denies the allegations in paragraph 26 of the Complaint.

**Complaint No. 27:** Defendant through its agents, employees and/or servants, either alone or in conjunction with others, has infringed and continues to infringe literally and/or under the doctrine of equivalents one or more claims, including at least claims 1, 2, 4, 7, 10, 11, 13 and/or 16 of the ’108 patent by making and using the Accused System that use the methods and systems claimed in the ’108 patent.

**Answer to Complaint No. 27:** Walmart denies the allegations in paragraph 27 of the Complaint.

**Complaint No. 28:** On information and belief, Defendant, either alone or in conjunction with others, infringes, directly and/or indirectly, claims 1, 2, 4, 7, 10, 11, 13 and/or 16 of the

'108 patent by making and using and/or causing others to make and/or use in this judicial district and/or elsewhere in the United States, the Accused System that alone or in use is covered by such claims of the '108 patent.

**Answer to Complaint No. 28:** Walmart denies the allegations in paragraph 28 of the Complaint.

**Complaint No. 29:** On information and belief, Defendant's customers make and use Defendant's Accused System and are instructed and/or encouraged by Defendant to use such Accused System that infringes one or more claims of the '108 patent.

**Answer to Complaint No. 29:** Walmart denies the allegations in paragraph 29 of the Complaint.

**Complaint No. 30:** On information and belief, Defendant provides and will continue to provide encouragement and/or instructions, such as its website literature and instructions on the Walmart app, including instructions set forth in this Complaint, that encourage and/or instruct its customers to use, and use in the future, the Accused System in an infringing manner, specifically intending such customers will operate the Accused System in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '108 patent.

**Answer to Complaint No. 30:** Walmart denies the allegations in paragraph 30 of the Complaint.

**Complaint No. 31:** On information and belief, Defendant indirectly infringes one or more claims of the '108 patent in violation of 35 U.S.C. 271(b) by inducing its customers to make and/or use the Accused System to directly infringe one or more claims of the '108 patent in accordance with Defendant's encouragement and/or instructions.

**Answer to Complaint No. 31:** Walmart denies the allegations in paragraph 31 of the Complaint.

**Complaint No. 32:** For example, on information and belief, Defendant induces direct infringement of the ‘108 patent by encouraging and instructing customers for the Accused System via Defendant’s website literature and instructions on its Walmart app, including instructions set forth in this Complaint, that encourage and/or instruct customers to use the Accused System such that, by following Defendant’s encouragement and/or instructions, Defendant’s customers directly infringe one or more claims of the ‘108 patent. Defendant engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages and/or instructs customers of its Accused Systems to directly infringe the ‘108 patent.

**Answer to Complaint No. 32:** Walmart denies the allegations in paragraph 32 of the Complaint.

**Complaint No. 33:** Defendant has infringed the ’108 patent without permission or license from Q Technologies and continues to infringe the ’108 patent in violation of 35 U.S.C. § 271. Defendant is liable for infringement of the ‘108 patent pursuant to 35 U.S.C. § 271.

**Answer to Complaint No. 33:** Walmart denies the allegations in paragraph 33 of the Complaint.

**Complaint No. 34:** Defendant’s acts of infringement have caused damage to Q Technologies, and Q Technologies is entitled to recover from Defendant the damages sustained by Q Technologies as a result of Defendant’s wrongful acts in an amount subject to proof at trial.

**Answer to Complaint No. 34:** Walmart denies the allegations in paragraph 34 of the Complaint.

**Complaint No. 35:** Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

**Answer to Complaint No. 35:** Walmart denies the allegations in paragraph 35 of the Complaint.

**Complaint No. 36:** Defendant's actions complained of herein are causing irreparable harm and monetary damage to Q Technologies and will continue to do so unless Defendant's infringement is enjoined and restrained by this Court.

**Answer to Complaint No. 36:** Walmart denies the allegations in paragraph 36 of the Complaint.

## SECOND CLAIM FOR RELIEF
(INFRINGEMENT OF U.S. PATENT NO. 10,567,473)

**Complaint No. 37:** Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1–36 of this Complaint as if set forth fully herein.

**Answer to Complaint No. 37:** Walmart restates and incorporates the preceding paragraphs of this Answer herein by reference.

**Complaint No. 38:** This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

**Answer to Complaint No. 38:** Walmart admits that Plaintiff purports to bring a patent infringement action under Title 35 of the United States Code. Walmart denies that Plaintiff has any basis for the cause of action alleged against Walmart.

**Complaint No. 39:** Q Technologies is the owner by assignment of the '473 patent with sole rights to enforce the '473 patent and sue infringers.

**Answer to Complaint No. 39:** Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39, and therefore denies them.

**Complaint No. 40:** The ’473 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the U.S. Code.

**Answer to Complaint No. 40:** Walmart denies the allegations in paragraph 40 of the Complaint.

**Complaint No. 41:** Defendant through its agents, employees and/or servants, either alone or in conjunction with others, has infringed and continues to infringe literally and/or under the doctrine of equivalents one or more claims, including at least claims 14-16, 19, 20, and/or 22-25 of the ’47 patent by making and using the Accused System that use the methods and systems claimed in the ’473 patent.

**Answer to Complaint No. 41:** Walmart denies the allegations in paragraph 41 of the Complaint.

**Complaint No. 42:** On information and belief, Defendant, either alone or in conjunction with others, infringes, directly and/or indirectly, claims 14-16, 19, 20, and/or 22-25 of the ‘473 patent by making and using and/or causing others to make and/or use in this judicial district and/or elsewhere in the United States, the Accused System that alone or in use is covered by such claims of the ‘473 patent.

**Answer to Complaint No. 42:** Walmart denies the allegations in paragraph 42 of the Complaint.

**Complaint No. 43:** On information and belief, Defendant's customers make and use Defendant's Accused System and are instructed and/or encouraged by Defendant to use such Accused System that infringes one or more claims of the '473 patent.

**Answer to Complaint No. 43:** Walmart denies the allegations in paragraph 43 of the Complaint.

**Complaint No. 44:** On information and belief, Defendant provides and will continue to provide encouragement and/or instructions, such as its website literature and instructions on the Walmart app, including instructions set forth in this Complaint, that encourage and/or instruct its customers to use, and use in the future, the Accused System in an infringing manner, specifically intending such customers will operate the Accused System in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '473 patent.

**Answer to Complaint No. 44:** Walmart denies the allegations in paragraph 44 of the Complaint.

**Complaint No. 45:** On information and belief, Defendant indirectly infringes one or more claims of the '473 patent in violation of 35 U.S.C. 271(b) by inducing its customers to make and/or use the Accused System to directly infringe one or more claims of the '473 patent in accordance with Defendant's encouragement and/or instructions.

**Answer to Complaint No. 45:** Walmart denies the allegations in paragraph 45 of the Complaint.

**Complaint No. 46:** For example, on information and belief, Defendant induces direct infringement of the '473 patent by encouraging and instructing customers for the Accused System via Defendant's website literature and instructions on its Walmart app, including instructions set forth in this Complaint, that encourage and/or instruct customers to use the

Accused System such that, by following Defendant's encouragement and/or instructions, Defendant's customers directly infringe one or more claims of the '473 patent. Defendant engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages and/or instructs customers of its Accused Systems to directly infringe the '473 patent.

**Answer to Complaint No. 46:** Walmart denies the allegations in paragraph 46 of the Complaint.

**Complaint No. 47:** Defendant has infringed the '473 patent without permission or license from Q Technologies and continues to infringe the '473 patent in violation of 35 U.S.C. § 271. Defendant is liable for infringement of the '473 patent pursuant to 35 U.S.C. § 271.

**Answer to Complaint No. 47:** Walmart denies the allegations in paragraph 47 of the Complaint.

**Complaint No. 48:** Defendant's acts of infringement have caused damage to Q Technologies, and Q Technologies is entitled to recover from Defendant the damages sustained by Q Technologies as a result of Defendant's wrongful acts in an amount subject to proof at trial.

**Answer to Complaint No. 48:** Walmart denies the allegations in paragraph 48 of the Complaint.

**Complaint No. 49:** Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

**Answer to Complaint No. 49:** Walmart denies the allegations in paragraph 49 of the Complaint.

**Complaint No. 50:** Defendant's actions complained of herein are causing irreparable harm and monetary damage to Q Technologies and will continue to do so unless Defendant's infringement is enjoined and restrained by this Court.

**Answer to Complaint No. 50:** Walmart denies the allegations in paragraph 50 of the Complaint.

**THIRD CLAIM FOR RELIEF**
(INFRINGEMENT OF U.S. PATENT NO. 10,594,774)

**Complaint No. 51:** Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1–50 of this Complaint as if set forth fully herein.

**Answer to Complaint No. 51:** Walmart restates and incorporates the preceding paragraphs of this Answer herein by reference.

**Complaint No. 52:** This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

**Answer to Complaint No. 52:** Walmart admits that Plaintiff purports to bring a patent infringement action under Title 35 of the United States Code. Walmart denies that Plaintiff has any basis for the cause of action alleged against Walmart.

**Complaint No. 53:** Q Technologies is the owner by assignment of the '774 patent with sole rights to enforce the '774 patent and sue infringers.

**Answer to Complaint No. 53:** Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53, and therefore denies them.

**Complaint No. 54:** The '774 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the U.S. Code.

**Answer to Complaint No. 54:** Walmart denies the allegations in paragraph 54 of the Complaint.

**Complaint No. 55:** Defendant through its agents, employees and/or servants, either alone or in conjunction with others, has infringed and continues to infringe literally and/or under the doctrine of equivalents one or more claims, including at least claims 1-9 and/or 13-20 of the ’774 patent by making and using the Accused System that use the methods and systems claimed in the ’774 patent.

**Answer to Complaint No. 55:** Walmart denies the allegations in paragraph 55 of the Complaint.

**Complaint No. 56:** On information and belief, Defendant, either alone or in conjunction with others, infringes, directly and/or indirectly, claims 1-9 and/or 13-20 of the ‘774 patent by making and using and/or causing others to make and/or use in this judicial district and/or elsewhere in the United States, the Accused System that alone or in use is covered by such claims of the ‘774 patent.

**Answer to Complaint No. 56:** Walmart denies the allegations in paragraph 56 of the Complaint.

**Complaint No. 57:** On information and belief, Defendant’s customers make and use Defendant’s Accused System and are instructed and/or encouraged by Defendant to use such Accused System that infringes one or more claims of the ‘774 patent.

**Answer to Complaint No. 57:** Walmart denies the allegations in paragraph 57 of the Complaint.

**Complaint No. 58:** On information and belief, Defendant provides and will continue to provide encouragement and/or instructions, such as its website literature and instructions on the

Walmart app, including instructions set forth in this Complaint, that encourage and/or instruct its customers to use, and use in the future, the Accused System in an infringing manner, specifically intending such customers will operate the Accused System in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '774 patent.

**Answer to Complaint No. 58:** Walmart denies the allegations in paragraph 58 of the Complaint.

**Complaint No. 59:** On information and belief, Defendant indirectly infringes one or more claims of the '774 patent in violation of 35 U.S.C. 271(b) by inducing its customers to make and/or use the Accused System to directly infringe one or more claims of the '774 patent in accordance with Defendant's encouragement and/or instructions.

**Answer to Complaint No. 59:** Walmart denies the allegations in paragraph 59 of the Complaint.

**Complaint No. 60:** For example, on information and belief, Defendant induces direct infringement of the '774 patent by encouraging and instructing customers for the Accused System via Defendant's website literature and instructions on its Walmart app, including instructions set forth in this Complaint, that encourage and/or instruct customers to use the Accused System such that, by following Defendant's encouragement and/or instructions, Defendant's customers directly infringe one or more claims of the '774 patent. Defendant engages in such inducement knowingly and, at least from the time of receipt of the Complaint, has done so with knowledge that such activity encourages and/or instructs customers of its Accused Systems to directly infringe the '774 patent.

**Answer to Complaint No. 60:** Walmart denies the allegations in paragraph 60 of the Complaint.

**Complaint No. 61:** Defendant has infringed the ’774 patent without permission or license from Q Technologies and continues to infringe the ’774 patent in violation of 35 U.S.C. § 271. Defendant is liable for infringement of the ‘774 patent pursuant to 35 U.S.C. § 271.

**Answer to Complaint No. 61:** Walmart denies the allegations in paragraph 61 of the Complaint.

**Complaint No. 62:** Defendant’s acts of infringement have caused damage to Q Technologies, and Q Technologies is entitled to recover from Defendant the damages sustained by Q Technologies as a result of Defendant’s wrongful acts in an amount subject to proof at trial.

**Answer to Complaint No. 62:** Walmart denies the allegations in paragraph 62 of the Complaint.

**Complaint No. 63:** Defendant’s actions complained of herein will continue unless Defendant is enjoined by this Court.

**Answer to Complaint No. 63:** Walmart denies the allegations in paragraph 63 of the Complaint.

**Complaint No. 64:** Defendant’s actions complained of herein are causing irreparable harm and monetary damage to Q Technologies and will continue to do so unless Defendant’s infringement is enjoined and restrained by this Court.

**Answer to Complaint No. 64:** Walmart denies the allegations in paragraph 64 of the Complaint.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff, to which no

response is required. To the extent a response is required, Walmart denies that Plaintiff is entitled to any relief sought in its prayer for relief or any other relief, and requests that the Court deny all such relief to Plaintiff in its entirety and with prejudice.

## JURY DEMAND

This paragraph contains a demand for a jury trial to which no response is required. To the extent a response is required, Walmart demands a trial by jury on all issues so triable.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Walmart denies all remaining allegations in the Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Subject to the responses above, Walmart alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Walmart's investigation of its defenses is continuing, and Walmart expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law in or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

## FIRST DEFENSE
**(Non-Infringement)**

Walmart has not and does not infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by the application of the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

**<u>SECOND DEFENSE</u>**
**(Invalidity)**

Upon information and belief, the ’108, ’473, and ’774 Patents are neither valid nor enforceable for failure to comply with the requirements of patentability, including without limitation, failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

The claims of the Asserted Patents are invalid under 35 U.S.C. § 101 because the claims are directed to abstract ideas, and/or other patent-ineligible subject matter.

The claims of the Asserted Patents are invalid under 35 U.S.C. § 102 because the claims lack novelty and are taught and suggested by the prior art.

The claims of the Asserted Patents are invalid under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

The claims of the Asserted Patents are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

On information and belief, the claims of the Asserted Patents are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 116.

The claims of the Asserted Patents are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 251.

**<u>THIRD DEFENSE</u>**
**(Preclusion of Costs)**

To the extent that any claim of the Asserted Patents is held to be invalid, Plaintiff is precluded from recovering costs related to this action pursuant to 35 U.S.C. § 288.

**FOURTH DEFENSE**
**(Limitations on Damages)**

Any claim for damages for infringement of the Asserted Patents are barred, in whole or in part, by 35 U.S.C. § 286 and 35 U.S.C. § 287. Accordingly, Plaintiff is barred from recovering damages, in whole or in part, by 35 U.S.C. § 287.

**FIFTH DEFENSE**
**(Express License, Implied License, and Patent Exhaustion)**

Plaintiff's claims are barred, in whole or in part, to the extent that Walmart has express or implied licenses to the Asserted Patents, and/or under the doctrines of patent exhaustion, first sale and/or single recovery rule.

**SIXTH DEFENSE**
**(Patent Misuse/Waiver/Estoppel/Unclean Hands)**

Plaintiff's claims of infringement against Walmart are barred, in whole or in part, by the doctrines of patent misuse, prosecution laches, waiver, unclean hands, acquiescence, estoppel (including equitable estoppel) and/or other applicable equitable doctrines.

**SEVENTH DEFENSE**
**(No Exceptional Case)**

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Walmart pursuant to 35 U.S.C. § 285.

**EIGHTH DEFENSE**
**(Prosecution History Estoppel and/or Disclaimer)**

By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicant during the prosecution of the patent applications that led to the issuance of the Asserted Patents, Plaintiff's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution

history estoppel and is further estopped from construing any valid claim of the Asserted Patents to cover any accused method, system, and/or product of Walmart.

**NINTH DEFENSE**
**(Lack of Constitutional and Statutory Standing)**

On information and belief, Plaintiff's claims are barred in part or in whole because it lacks all substantial rights in the Asserted Patents, and thereby lacks standing to bring suit upon the Asserted Patents.

**TENTH DEFENSE**
**(Failure to State a Claim)**

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

**ELEVENTH DEFENSE**
**(Failure to State a Claim)**

Plaintiff's claims are barred, in whole or in part, because the patent term extension granted to each of the Asserted Patents failed to comply with the requirements of 35 U.S.C. § 154(b) and/or 35 U.S.C. § 156.

**TWELFTH DEFENSE**
**(Ensnarement)**

Plaintiff's infringement claims are barred by the doctrine of ensnarement. Plaintiff is foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would ensnare prior art.

**RESERVATION OF RIGHTS**

Walmart may have other separate and additional defenses of which it is not presently aware and hereby reserves the right to raise such defenses by amendment of this Answer, including to conform to proof at trial. Walmart therefore reserves all defenses under the Federal

Rules of Civil Procedure, including those listed in Rule 8(c), the Patent Laws of the United States, and any other and additional defenses, at law or in equity, that are now or may become available or appear during, or as a result of, discovery proceedings in this action.

## **COUNTERCLAIMS**

1. Counterclaimant Walmart Inc. ("Walmart"), by and through its undersigned counsel, counterclaims and alleges against Q Technologies, Inc. ("Q Technologies") as follows:

## **THE PARTIES**

2. Walmart is a corporation organized under the laws of Delaware.

3. On information and belief, based on representations made in the complaint, Q Technologies is a corporation organized under the laws of Delaware and having its principal place of business at 1054 Devine Circle, Brookhaven, GA, 30319.

## **JURISDICTION AND VENUE**

4. Walmart brings these counterclaims under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338(a) (patents), 2201 and 2202 (declaratory judgment), and 1367(a) (supplemental jurisdiction).

5. Q Technologies has consented to personal jurisdiction in this Court by virtue of filing its Complaint in the above-captioned case.

6. Venue is proper with respect to each of the following Counterclaims pursuant to 28 U.S.C. § 1391.

**FIRST COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '108 PATENT)**

7. Walmart repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Answer as if set forth fully herein.

8. Q Technologies purports to charge Walmart with infringement of the '108 Patent in its Complaint.

9. Walmart has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the '108 Patent, either literally or under the Doctrine of Equivalents, and has not yet otherwise committed any acts in violation of 35 U.S.C. § 271.

10. An actual and justiciable controversy exists between Walmart and Q Technologies with respect to infringement of the '108 Patent, because Q Technologies has filed the instant Complaint alleging that Walmart infringes the '108 Patent and Walmart denies that allegation.

11. A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy and to prevent Q Technologies from wrongfully continuing to allege that Walmart infringes the '108 Patent.

12. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that Walmart does not infringe and has not infringed each and every claim of the '108 Patent.

**SECOND COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '473 PATENT)**

13. Walmart repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Answer as if set forth fully herein.

14. Q Technologies purports to charge Walmart with infringement of the ’473 Patent in its Complaint.

15. Walmart has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the ’473 Patent, either literally or under the Doctrine of Equivalents, and has not yet otherwise committed any acts in violation of 35 U.S.C. § 271.

16. An actual and justiciable controversy exists between Walmart and Q Technologies with respect to infringement of the ’473 Patent, because Q Technologies has filed the instant Complaint alleging that Walmart infringes the ’473 Patent and Walmart denies that allegation.

17. A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy and to prevent Q Technologies from wrongfully continuing to allege that Walmart infringes the ’473 Patent.

18. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that Walmart does not infringe and has not infringed each and every claim of the ’473 Patent.

## THIRD COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’774 PATENT)

19. Walmart repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Answer as if set forth fully herein.

20. Q Technologies purports to charge Walmart with infringement of the ’774 Patent in its Complaint.

21. Walmart has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement,

of any valid and enforceable claim of the ’774 Patent, either literally or under the Doctrine of Equivalents, and has not yet otherwise committed any acts in violation of 35 U.S.C. § 271.

22. An actual and justiciable controversy exists between Walmart and Q Technologies with respect to infringement of the ’774 Patent, because Q Technologies has filed the instant Complaint alleging that Walmart infringes the ’774 Patent and Walmart denies that allegation.

23. A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy and to prevent Q Technologies from wrongfully continuing to allege that Walmart infringes the ’774 Patent.

24. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that Walmart does not infringe and has not infringed each and every claim of the ’774 Patent.

**FOURTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE ’108 PATENT)**

25. Walmart repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Answer as if set forth fully herein.

26. Q Technologies purports to charge Walmart with infringement of the ’108 Patent in its Complaint.

27. Q Technologies asserts that the ’108 Patent is valid and enforceable.

28. The claims of the ’108 Patent are neither valid nor enforceable for failure to comply with the requirements of patentability, including without limitation, failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 251.

29. An actual and justiciable controversy exists between Walmart and Q Technologies with respect to the validity of the ’108 Patent, because Q Technologies has filed

the instant Complaint alleging that Walmart infringes the ’108 Patent and Walmart denies that allegation.

30. A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and to prevent Q Technologies from wrongfully continuing to allege that Walmart infringes the valid and enforceable claims of the ’108 Patent.

31. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that the asserted claims of the ’108 Patent are invalid.

## FIFTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE ’473 PATENT)

32. Walmart repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Answer as if set forth fully herein.

33. Q Technologies purports to charge Walmart with infringement of the ’473 Patent in its Complaint.

34. Q Technologies asserts that the ’473 Patent is valid and enforceable.

35. The claims of the ’473 Patent are neither valid nor enforceable for failure to comply with the requirements of patentability, including without limitation, failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 251.

36. An actual and justiciable controversy exists between Walmart and Q Technologies with respect to the validity of the ’473 Patent, because Q Technologies has filed the instant Complaint alleging that Walmart infringes the ’473 Patent and Walmart denies that allegation.

37. A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and to prevent Q Technologies from wrongfully continuing to allege that Walmart infringes the valid and enforceable claims of the ’473 Patent.

38. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that the asserted claims of the ’473 Patent are invalid.

**SIXTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE ’774 PATENT)**

39. Walmart repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Answer as if set forth fully herein.

40. Q Technologies purports to charge Walmart with infringement of the ’774 Patent in its Complaint.

41. Q Technologies asserts that the ’774 Patent is valid and enforceable.

42. The claims of the ’774 Patent are neither valid nor enforceable for failure to comply with the requirements of patentability, including without limitation, failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 251.

43. An actual and justiciable controversy exists between Walmart and Q Technologies with respect to the validity of the ’774 Patent, because Q Technologies has filed the instant Complaint alleging that Walmart infringes the ’774 Patent and Walmart denies that allegation.

44. A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and to prevent Q Technologies from wrongfully continuing to allege that Walmart infringes the valid and enforceable claims of the ’774 Patent.

45. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that the asserted claims of the ’774 Patent are invalid.

**JURY DEMAND**

46. Pursuant to Federal Rule of Civil Procedure 38(c), Walmart hereby demands a jury trial on all issues so triable.

**REQUEST FOR RELIEF**

47. In light of the foregoing, Walmart asks this Court to enter judgment in favor of Walmart and against Q Technologies by granting the following relief:

A. Dismissing, with prejudice, Plaintiff's Complaint against Defendant in its entirety;

B. Denying all relief that Q Technologies seeks in its Complaint;

C. Entering a judgment in favor of Walmart that Q Technologies shall take nothing by its Complaint;

D. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, a declaration that Walmart does not infringe any claim of any Asserted Patent under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement);

E. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, a declaration by the Court that the asserted claims of the Asserted Patents are invalid;

F. Finding this case to be exceptional under 35 U.S.C. 285 and awarding Walmart its attorneys' fees pursuant thereto;

G. Awarding Walmart its costs, expenses, disbursements, and attorneys' fees incurred in connection with this action; and

H. Awarding Walmart any other relief that the Court deems just and proper.

Dated: October 4, 2021

Respectfully submitted,

By: *<u>/s/ John M. Guaragna</u>*
John M. Guaragna
State Bar No. 24043308

DLA PIPER LLP (US)
303 Colorado St., Suite 3000
Austin, TX 78701
Tel: 512.457.7125
Fax: 512.457.7001
John.guaragna@us.dlapiper.com

Kathryn Riley Grasso
Damon Lewis
Henry R. Fildes
DLA PIPER LLP (US)
500 Eighth Street NW
Washington, DC 20004
Tel: (202) 799-4000
Fax: (202) 799-5000
Email: Kathryn.Riley@us.dlapiper.com
Email: Damon.Lewis@us.dlapiper.com

Christian Chessman
Email: christian.chessman@dlapiper.com
California Bar No. 325083
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: Christian.Chessman@us.dlapiper.com

***ATTORNEYS FOR DEFENDANT WALMART INC.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 4th day of October, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ John M. Guaragna*
John M. Guaragna