**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **Q TECHNOLOGIES, INC.,** | § | |
| | § | |
| ***Plaintiff-Counterclaim Defendant,*** | § | **Civil Action No. 6:21-CV-00779-ADA** |
| | § | |
| **v.** | § | **Judge Alan D. Albright** |
| | § | |
| **WALMART, INC.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| ***Defendant-Counterclaim Plaintff.*** | § | |
| | § | |

**Q TECHNOLOGIES, INC.'S ANSWER TO WALMART, INC.'S COUNTERCLAIMS**

Plaintiff, Q Technologies, Inc. ("Q Technologies" or "Plaintiff") hereby responds to Walmart, Inc.'s Counterclaims ("Counterclaims") [Dkt. 10] and states as follows:

Except as specifically admitted below, Q Technologies denies each and every allegation contained in the Counterclaims. Any factual allegation below that is admitted is only admitted specifically to the specifically admitted facts, not as to any purported conclusions, characterizations, implications or speculations that may arguably follow from the admitted facts.

To the extent that the headings or other non-numbered statements in the Counterclaims contain any allegations, Q Technologies denies each and every allegation therein. Instead, Q Technologies merely repeats the headings set forth in the Counterclaims for convenience.

Q Technologies denies that Walmart is entitled to the relief requested in the Counterclaims or to any other relief.

Q Technologies responds to the specific allegations in the Counterclaims as follows:

1. Paragraph 1 of the Counterclaims is an introductory statement to which no response is necessary. To the extent necessary, Q Technologies denies the allegations contained in paragraph 1 of the Counterclaims.

## THE PARTIES

2. Q Technologies admits, upon information and belief, the allegations contained in paragraph 2 of the Counterclaims.

3. Q Technologies admits the allegations contained in paragraph 3 of the Counter-claims.

## JURISDICTION AND VENUE

4. Q Technologies admits that Walmart purports to bring an action under Title 35 and the Declaratory Judgment Act but denies that any grounds exist therefore. Q Technologies admits that this Court has subject matter jurisdiction. It denies the remaining allegations in para-graph 4 of the Counterclaims.

5. Q Technologies admits this Court has personal jurisdiction over Q Technologies in this matter. It denies the remaining allegations in paragraph 5 of the Counterclaims.

6. Q Technologies lacks sufficient information or belief to admit or deny the allega-tions contained in paragraph 6, and on that basis, Q Technologies denies the allegations con-tained in paragraph 6 of the Counterclaims.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '108 PATENT)

7. Q Technologies repeats and incorporates herein its answers with respect to para-graphs 1-6 of the Counterclaims.

8. Q Technologies admits that it charges Walmart with infringement of the '108 Pa-tent in its Complaint and denies any remaining allegations contained in paragraph 8 of the Counterclaims.

9. Q Technologies denies the allegations contained in paragraph 9 of the Counter-claims.

10. Q Technologies admits that it charges Walmart with infringement of the '108 Patent in its Complaint. Whether an actual and justiciable controversy exists between Q Technologies and Walmart is a legal conclusion in which no response is necessary. Q Technologies, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Counterclaims and thus, denies them.

11. Q Technologies denies the allegations contained in paragraph 11 of the Counterclaims.

12. Q Technologies admits that Walmart purports to seek a declaration from the Court, Q Technologies denies any remaining allegations contained in paragraph 12 of the Counterclaims.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '473 PATENT)

13. Q Technologies repeats and incorporates herein its answers with respect to paragraphs 1-12 of the Counterclaims.

14. Q Technologies admits that it charges Walmart with infringement of the '473 Patent in its Complaint and denies any remaining allegations contained in paragraph 14 of the Counterclaims.

15. Q Technologies denies the allegations contained in paragraph 15 of the Counterclaims.

16. Q Technologies admits that it charges Walmart with infringement of the '473 Patent in its Complaint. Whether an actual and justiciable controversy exists between Q Technologies and Walmart is a legal conclusion in which no response is necessary. Q Technologies, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Counterclaims and thus, denies them.

17. Q Technologies denies the allegations contained in paragraph 17 of the Counterclaims.

18. Q Technologies admits that Walmart purports to seek a declaration from the Court, Q Technologies denies any remaining allegations contained in paragraph 18 of the Counterclaims.

**THIRD COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’774 PATENT)**

19. Q Technologies repeats and incorporates herein its answers with respect to para graphs 1-18 of the Counterclaims.

20. Q Technologies admits that it charges Walmart with infringement of the ’774 Patent in its Complaint and denies any remaining allegations contained in paragraph 20 of the Counterclaims.

21. Q Technologies denies the allegations contained in paragraph 21 of the Counterclaims.

22. Q Technologies admits that it charges Walmart with infringement of the ‘774 Patent in its Complaint. Whether an actual and justiciable controversy exists between Q Technologies and Walmart is a legal conclusion in which no response is necessary. Q Technologies, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Counterclaims and thus, denies them.

23. Q Technologies denies the allegations contained in paragraph 23 of the Counterclaims.

24. Q Technologies admits that Walmart purports to seek a declaration from the Court, Q Technologies denies any remaining allegations contained in paragraph 24 of the Counterclaims.

**FOURTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE ’108 PATENT)**

25. Q Technologies repeats and incorporates herein its answers with respect to paragraphs 1-24 of the Counterclaims.

26. Q Technologies admits that it charges Walmart with infringement of the ’108 Patent in its Complaint and denies any remaining allegations contained in paragraph 26 of the Counterclaims.

27. Q Technologies admits the allegations contained in paragraph 27 of the Counterclaims.

28. Q Technologies denies the allegations contained in paragraph 28 of the Counterclaims.

29. Q Technologies admits that it charges Walmart with infringement of the ‘108 Patent in its Complaint. Whether an actual and justiciable controversy exists between Q Technologies and Walmart is a legal conclusion in which no response is necessary. Q Technologies, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Counterclaims and thus, denies them.

30. Q Technologies denies the allegations contained in paragraph 30 of the Counterclaims.

31. Q Technologies admits that Walmart purports to seek a declaration from the Court, Q Technologies denies the allegations contained in paragraph 31 of the Counterclaims.

**FIFTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '473 PATENT)**

32. Q Technologies repeats and incorporates herein its answers with respect to paragraphs 1-31 of the Counterclaims.

33. Q Technologies admits that it charges Walmart with infringement of the '473 Patent in its Complaint and denies any remaining allegations contained in paragraph 33 of the Counterclaims.

34. Q Technologies admits the allegations contained in paragraph 34 of the Counterclaims.

35. Q Technologies denies the allegations contained in paragraph 35 of the Counterclaims.

36. Q Technologies admits that it charges Walmart with infringement of the '473 Patent in its Complaint. Whether an actual and justiciable controversy exists between Q Technologies and Walmart is a legal conclusion in which no response is necessary. Q Technologies, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Counterclaims and thus, denies them.

37. Q Technologies denies the allegations contained in paragraph 37 of the Counterclaims.

38. Q Technologies admits that Walmart purports to seek a declaration from the Court, Q Technologies denies the allegations contained in paragraph 38 of the Counterclaims.

**SIXTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE ’774 PATENT)**

39. Q Technologies repeats and incorporates herein its answers with respect to paragraphs 1-38 of the Counterclaims.

40. Q Technologies admits that it charges Walmart with infringement of the ’774 Patent in its Complaint and denies any remaining allegations contained in paragraph 40 of the Counterclaims.

41. Q Technologies admits the allegations contained in paragraph 41 of the Counterclaims.

42. Q Technologies denies the allegations contained in paragraph 42 of the Counterclaims.

43. Q Technologies admits that it charges Walmart with infringement of the ‘774 Patent in its Complaint. Whether an actual and justiciable controversy exists between Q Technologies and Walmart is a legal conclusion in which no response is necessary. Q Technologies, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Counterclaims and thus, denies them

44. Q Technologies denies the allegations contained in paragraph 44 of the Counterclaims.

45. Q Technologies admits that Walmart purports to seek a declaration from the Court, Q Technologies denies the allegations contained in paragraph 45 of the Counterclaims.

**JURY DEMAND**

46. Walmart’s Demand for Jury Trial sets forth requests for relief to which no response is necessary. To the extent a response is required, Q Technologies admits that Walmart

has demanded a trial by jury on all issues triable. Q Technologies likewise demands a trial by jury on all issues triable.

## REQUEST FOR RELIEF

47. Walmart's Request for Relief sets forth its request to which no response is necessary. To the extent necessary, Q Technologies denies the allegations contained in the Request for Relief section. Q Technologies further denies that Walmart is entitled to any relief whatsoever in this case, as requested in the Counterclaims or otherwise, Walmart's Request for Relief should, therefore, be denied in its entirety and with prejudice and Walmart should take nothing against Q Technologies, and the Court should rule in favor of Q Technologies, award damages in favor of Q Technologies, assess costs against Walmart, award Q Technologies its attorneys' fees, and grant all other and further relief to which Q Technologies is entitles.

## GENERAL DENIAL

48. Q Technologies further denies each allegation contained in the Counterclaims that is not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

49. Without prejudice to the denials set forth in its responses to paragraphs 1 through 47 of the Counterclaims, and without undertaking any of the burdens imposed by law, Q Technologies alleges and asserts the following additional defenses set forth below in response to Walmart's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by operation of law, regardless of how such defenses are denominated herein.

50. To the extent the Counterclaims contains assertions that this case is exceptional under 35 U.S.C. §285 and that Walmart should be awarded its attorneys' fees as a result of any

alleged conduct by Q Technologies, Walmart is not entitled to such relief because Q Technologies has not engaged in any conduct that meets the applicable standard for such a finding.

51. Q Technologies' investigation of its defenses is ongoing. Therefore, Q Technologies specifically reserves the right to amend its Answer to expand or assert further affirmative defenses as may become available or apparent as more information becomes available in the present action.

**PRAYER**

WHEREFORE, Q Technologies denies that Walmart is entitled to any requested relief in its Counterclaims and respectfully requests that the Court enter judgment in its favor and against Defendant Walmart, including, but not limited to, the following relief:

1. That Defendant/Counterclaim-Plaintiff Walmart take nothing by its Counterclaims and that judgment be entered in favor of Plaintiff/Counterclaim-Defendant Q Technologies;

2. Q Technologies be awarded its costs and attorney's fees incurred herein; and

3. That the Court grant such other and further relief as it deems just and proper.

Respectfully Submitted,

By: */s/ Bruce Morris*

Bruce C. Morris
**KANE RUSSELL COLEMAN LOGAN PC**
Texas State Bar No. 14469850
E-mail: bmorris@krcl.com
Demetri J. Economou
Texas State Bar No. 24078461
E-mail: deconomou@krcl.com
5051 Westheimer Road, 10th Floor
Houston, TX 77056
Telephone: (713) 425-7450
Facsimile: (713) 425-7700

John T. Polasek
**THE POLASEK LAW FIRM, PLLC**
Texas State Bar No. 16088590
E-mail: ted@polaseklaw.com
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 485-3580

**ATTORNEY FOR PLAINTIFF-COUNTERCLAIM DEFENDANT Q TECHNOLOGIES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2021, a true and correct copy of the foregoing document was served pursuant to the Federal Rules of Civil Procedure and this Court's local rules on all counsel of record via the Court's ECF system.

*/s/Bruce C. Morris*
Bruce C. Morris